IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERBE USA, INC., and ERBE ELEKTROMEDZIN GMBH, | )<br>)<br>)<br>) |
| Plaintiffs | )<br>) |
| -vs- | )<br>)   Civil Action No.  07-102<br>) |
| DR. JEROME CANADY and CANADY TECHNOLOGY, LLC, | )<br>)<br>)<br>) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

## SYNOPSIS

Pending is Plaintiffs' Partial Motion for Judgment on the Pleadings. (Docket No. 40).  Specifically, Plaintiffs seek a judgment as to their claim for false marking with respect to U.S. Patent 5,207,675 ("'675 Patent").  (Docket No. 41, p. 12). Defendants have responded thereto.  (Docket No. 44).  After careful consideration of the same and for the reasons set forth below, the Motion for Judgment on the Pleadings (Docket No. 40) is denied.

### I. STANDARD OF REVIEW

Pursuant to Rule 12(c), a judgment on the pleadings will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved

and that he is entitled to judgment as a matter of law." *Jablonski v. Pan American World Airways, Inc.,* 863 F.2d 289, 290-91 (3d Cir. 1988), *quoting Society Hill Civic Association v. Harris*, 632 F.2d 1045, 1054 (3d Cir.1980). In reviewing the grant of a Rule 12(c) motion, I must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* I, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Bayer Chemicals Corp. v. Albermarle Corp.*, No. 2006 WL 707474, *3 (3d Cir. 2006), *quoting Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999).

## II.   FALSE MARKING, 35 U.S.C. §292[1]

The parties agree that to succeed on a false marking claim, Plaintiffs must establish four elements: 1) a marking importing that an object is patented, 2) falsely affixed to, 3) an unpatented article, 4) with intent to deceive the public. (Docket No. 42, p. 7, Docket No. 44, p. 2). Defendants assert all four elements are disputed in the

---

[1] 35 U.S.C. §292(a) provides, in pertinent part, as follows:

(a) Whoever, without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, or imported by the person into the United States, the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them to believe that the thing was made, offered for sale, sold, or imported into the United States by or with the consent of the patentee; or

Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public; or

Whoever marks upon, or affixes to, or uses in advertising in connection with any article, the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public--

Shall be fined not more than $500 for every such offense.

pleadings such that a judgment on the pleadings is unwarranted  If Plaintiffs fail to establish any of the elements, a motion for judgment on the pleadings is not proper.

Plaintiffs assert that Exhibit E to the Amended Complaint is a copy of an advertisement used extensively by Defendants to market Defendants' probes. (Docket No. 41, p. 9). Plaintiffs then summarily conclude that "[i]n the advertisement, U.S. Patent 5,207,675 and European Patent 0595967 (the foreign '675 patent) are displayed in conjunction with a Canady probe, clearly intending to convey that the Canady probes are covered by the '675 patent." *Id.*  In response, Defendants point out that there is no allegation in the Amended Complaint to support the statement that Exhibit E is a copy of an advertisement used extensively by Canady to market the Canady probes. (Docket No. 44, p. 2).  After a review of the Amended Complaint, I agree with Defendants.  Furthermore, Defendants deny the allegation in the Amended Complaint relating to Exhibit E. *See,* Docket No. 17, ¶¶26, 32. Viewing this evidence in the light most favorable to Defendants, I find that Plaintiffs have failed to establish, based on the pleadings, the first element of a false marking claim. Consequently, Plaintiffs' Motion for Judgment on the Pleadings could be denied for this reason alone. Nevertheless, for completeness, I consider the other elements for a false marking claim.

With regard to whether a marking has been falsely affixed to an object, Plaintiffs' Amended Complaint alleges that Defendants have falsely affixed patent numbers to advertisements for its probes.  *See,* Amended Complaint, ¶26, 32. Defendants, however, have denied this allegation in their Answer. *See,* Docket No.

17, ¶¶26, 32. With regard to an unpatented article, the articles at issue are the Canady probes. Defendants dispute that the Canady probes are unpatented. *See,* Docket No. 17, ¶¶25, 29, 32-34, and 37-39. Again, with regard to the last element of a false marking claim, Defendants have denied that it intended to deceive the public. *Id.* at ¶¶33, 34, 37-39. Viewing this evidence in the light most favorable to Defendants, I find that Plaintiffs have failed to establish, based on the pleadings, the second element of a false marking claim. Consequently, a judgment on the pleadings is not warranted.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER OF COURT

AND NOW, this **19th** day of April, 2007, after careful consideration of Plaintiffs' Motion for Judgment on the Pleadings (Docket No. 40), and the related submissions, it is ordered that said Motion (Docket No. 40) is denied.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge